CHET A. KRONENBERG (SBN 222335)
ckronenberg@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone:   (310) 407-7500
Facsimile:    (310) 407-7502

ALAN C. TURNER (*pro hac vice*)
aturner@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

STEPHEN P. BLAKE (SBN 260069)
sblake@stblaw.com
BO BRYAN JIN (SBN 278990)
bryan.jin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA  94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Counsel for Defendant GDS Holdings Limited*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LARRY BERGMANN, Individually on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GDS HOLDINGS LIMITED, WILLIAM WEI HUANG, and DANIEL NEWMAN,<br><br>Defendants. | Case No.  2:23-cv-4900-JAK<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Judge:  Hon. John A. Kronstadt<br><br>Date:  April 1, 2024<br>Time:  8:30 a.m.<br>Courtroom:  10B |

RJN ISO Def's Motion to Dismiss                                           2:23-cv-4900-JAK

In connection with its Motion to Dismiss Plaintiffs' Amended Complaint ("AC"), Defendant GDS Holdings Limited ("GDS" or the "Company") respectfully request that the Court consider the documents attached as Exhibits 1 through 8 to the accompanying Declaration of Bo Bryan Jin ("Jin Decl."), which are either incorporated by reference in the Amended Complaint, subject to judicial notice, or both.

<u>**DOCUMENTS SUBJECT TO THIS REQUEST**</u>

GDS requests that the Court consider the following documents in connection with its Motion to Dismiss:

| Ex. | Description |
|---|---|
| 1 | Excerpts of GDS's Form 20-F Annual Report for the Fiscal Year Ended December 31, 2022 (filed April 4, 2023) |
| 2 | Excerpts of GDS's Amendment No. 2 to the Company's Registration Statement on Form F-1 (filed October 19, 2016) |
| 3 | Excerpts of GDS's Form 20-F Annual Report for the Fiscal Year ended December 31, 2020 (filed April 12, 2021) |
| 4 | Excerpts of GDS's Facility Agreement with Shanghai Waigaqiao and Shanghai Yungang EDC Technology Co., LTD dated June 30, 2016 (filed October 4, 2016) |
| 5 | Excerpts of GDS's Facility Agreement with Shanghai Waigaqiao and Shanghai Yungang EDC Technology Co., LTD dated September 29, 2016 (filed October 4, 2016) |
| 6A | Securities and Exchange Commission ("SEC") Form 144 disclosure reflecting William Wei Huang's variable prepaid forward contracts ("VPFCs"), filed on May 25, 2020 |
| 6B | SEC Form 144 disclosure reflecting William Wei Huang's VPFCs, filed on March 16, 2021 |

| Ex. | Description |
|---|---|
| 6C | SEC Form 144 disclosure reflecting William Wei Huang's VPFCs, filed on June 15, 2021 |
| 6D | SEC Form 144 disclosure reflecting William Wei Huang's VPFCs, filed on June 6, 2022 |
| 6E | SEC Form 144 disclosure reflecting William Wei Huang's VPFCs, filed on June 10, 2022 |
| 7 | Excerpts of GDS's Form 6-K for the month of May 2023 (filed May 5, 2023) |
| 8 | Excerpts of GDS's Form 6-K for the month of June 2023 (filed June 5, 2023) |

## ARGUMENT

In resolving a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss, courts must consider the "complaint in its entirety," including documents incorporated by reference and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Exhibits 1 through 8 should be considered on this motion under one or both of these doctrines.

Courts "consider exhibits attached to a complaint and incorporated by reference to be part of the complaint." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014). Incorporation-by-reference allows courts to treat a document as if it is part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1163 (9th Cir. 2019) (citation omitted). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This doctrine applies to "situations in which the plaintiff's claim

depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) ("Where a document has been incorporated by reference in a complaint, a court may treat such a document as part of the complaint" and "can consider the entire document, not simply the portion on which plaintiffs rely.") (citation omitted).

In addition, the Federal Rules of Evidence permit judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute," because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b); *see also Khoja*, 899 F. Supp. 3d at 999. Courts may take judicial notice of "public records outside the pleadings" on a motion to dismiss, *Motamedi v. Radioshack Corp.*, 2008 WL 11338432, at *2 (C.D. Cal. Dec. 4, 2008) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)), and routinely do so for "SEC filings," "news reports," "historical stock prices, publicly available SEC, GAAP and FDIC financial reporting requirements and publications," *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883517, at *8 (C.D. Cal. Aug. 21, 2012), "publications," *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), and "publically accessible websites," *Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014). *See, e.g., Young v. Ault*, 2019 WL 1718676, at *2 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of "SEC filings and the undisputed facts contained therein, as well as all matters of public record") (citing *Khoja*, 899 F.3d at 1002); *New York State Teachers' Ret. Sys. v. Fremont Gen. Corp*, 2009 WL

3112574, at *1 (C.D. Cal. Sept. 25, 2009) (taking judicial notice of "a variety of SEC filings; transcripts from earnings calls and an investor presentation"); *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1067 (N.D. Cal. 2017) (taking judicial notice of the "definitions of various investment terms, which are publicly available" on websites). Unlike incorporation-by-reference, which accepts the entire document as true, the "court must also consider—and identify—which fact or facts it is noticing" and determine if those facts are "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999.

### A.   Documents Incorporated-by-Reference Are Properly Before the Court

**Exhibits 1, 3, and 6A through 6E** are referenced extensively in the Amended Complaint and form the basis of Plaintiffs' claims; they are thus incorporated by reference and therefore must be considered in their entirety. *See* 15 U.S.C. § 77k(a); *Steinle*, 919 F.3d at 1163 ("Here, the [document] forms the very basis of Plaintiffs' claims, and Plaintiffs referred extensively to it throughout . . .").

Exhibits 1 and 3 are GDS's Form 20-F Annual Report for the Fiscal Year ending December 31, 2022 and December 31, 2020, respectively. The Amended Complaint quotes extensively from Exhibits 1 and 3. *See, e.g.*, AC ¶¶ 37, 65, 69-70,74, 81. They form the basis of Plaintiffs' claim that GDS made false and misleading statements about Mr. Huang's holdings. Therefore, Exhibits 1 and 3 are incorporated by reference and are properly before the Court for purposes of this motion to dismiss. *In re NVIDIA*, 768 F.3d at 1058 n.10.

Exhibits 6A through 6E are the Form 144 filings submitted to the SEC between May 2020 and June 2022 that disclosed Mr. Huang's VPFCs. The Amended Complaint extensively references the Form 144 filings at issue in support of Plaintiffs' claim that the disclosure of the VPFCs were "not well-known to the market." AC ¶ 91; *see also id.* ¶¶ 86–90. As a result, Exhibits 6A through 6E are also incorporated by reference. *See Khoja*, 899 F.3d at 1002.

In addition to being incorporated by reference in the Amended Complaint, the cited disclosures from Exhibits 1, 3, and 6A through 6E are also subject to judicial notice because each document was filed with the SEC.  *See* Part B, *infra*.

**B.     SEC Filings and Press Releases Are Subject to Judicial Notice**

**Exhibits 1 through 8** are properly considered on this motion to dismiss because they are public documents filed with the SEC.  *See*, *e.g.*, *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings"); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases.").

*First,* because SEC filings are publically available, the Court can take judicial notice of the fact that the information in these documents was disclosed to the market.  *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).  The Court can therefore take judicial notice of the fact that GDS made the following disclosures:

- A facility agreement dated June 30, 2016 provided that upon a change of control, all outstanding loan amounts will become immediately due and payable, Ex. 4 at 47-48;

- A facility agreement dated September 29, 2016 provided that upon a change of control, all outstanding loan amounts will become immediately due and payable, Ex. 5 at 52-53;

- On May 25, 2020, a Form 144 was filed with the SEC, disclosing that Mr. Huang had entered into a VPFC reedemable in cash or securities with regard to 1,507,988 of his GDS shares, Ex. 6A;

- On December 31, 2020, GDS disclosed that "[d]ivestiture in the future of our ADSs and/or ordinary shares by shareholders, the announcement of any plan

to divest our ADS and/or ordinary shares, or hedging activity . . . in connection with similar derivative or other financing arrangements entered into by shareholders, could cause the price of our ADS and/or ordinary shares to decline," Ex. 3 at 65;

- On December 31, 2020, GDS disclosed that the "occurrence of a change of control" would give certain convertible preferred shareowners redemption rights, Ex. 3 at 180;

- On December 31, 2020, GDS disclosed that Mr. Huang's GDS shareholding was at approximately 5.4%, Ex. 3 at 178;

- On March 16, 2021, a Form 144 was filed with the SEC, disclosing that Mr. Huang had entered into a VPFC redeemable in cash or securities with regard to 1,500,00 of his GDS shares, Ex. 6B.

- On June 15, 2021, a Form 144 was filed with the SEC, disclosing that Mr. Huang had entered into a VPFC reedemable in cash or securities with regard to 426,600 of his GDS shares, Ex. 6C;

- On June 6, 2022, a Form 144 was filed with the SEC, disclosing that Mr. Huang had entered into a VPFC reedemable in cash or securities with regard to 372,600 of his GDS shares, Ex. 6D; and

- On June 10, 2022, a Form 144 was filed with the SEC, disclosing that Mr. Huang had entered into a VPFC reedemable in cash or securities with regard to 1,500,000 of his GDS shares, Ex. 6E.

*Second,* the Court may also "take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Yuen v. U.S. Stock Transfer Co.*, 966 F. Supp. 944, 945 n.1 (C.D. Cal. 1997) (citations omitted); *see also Maine State Retirement System v. Countrywide Financial Corp.*, 722 F. Supp. 2d 1157, 1161 n.1 (C.D. Cal. 2010) ("The Court takes judicial notice of public documents filed with the Securities

Exchange Commission."); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ("[T]he Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity.").  Accordingly, the Court may take judicial notice of the following facts disclosed in GDS's SEC filings, all of which are not subject to reasonable dispute:

- GDS was founded in 2001 and is a leading developer and operator of high-performance data centers in China and Southeast Asia, Ex. 1 at 85-86;
- GDS completed its initial public offering in 2016 with its American depository shares "ADS" traded on NASDAQ under the symbol "GDS," Ex. 1 at 86;
- As of December 31, 2022, there were 1,456,842,655 Class A ordinary shares outstanding, Ex. 1 at 3;
- Each ADS represents eight GDS Class A ordinary shares, which are separately traded on the Hong Kong Stock Exchange, Ex. 1 at 1, 6;
- Holders of GDS's Class A and Class B ordinary shares have the same rights except for voting rights, director nomination rights, and conversion rights, Ex. 2 at 9;
- The holder of a Class B ordinary share is entitled to 20 votes per share with respect to the election and removal of a simple majority, or six, of GDS's directors, Ex. 2 at 9;
- Class B shareholders may elect to convert any or all of their Class B ordinary shares into Class A ordinary shares, Ex. 2 at 174;
- At the relevant times, Class A ordinary shares were subject to sale, *see* Ex. 2 at 60;
- On April 4, 2023, GDS disclosed that its Board of Directors was considering measures to preclude any potential change of control event in the event Mr. Huang chose to settle the VPFCs at issue with stock, Ex. 1 at 18;
- On May 8, 2023, GDS proposed that shareholders vote to amend the

Company's articles of association to lower Mr. Huang's beneficial ownership threshhold from five per cent (5%), to not less than two point seventy-five per cent. (2.75%), Ex. 7 at 99.3; and

- On June 5, 2023, shareholders approved the amendments to the threshold for Mr. William Wei Huang's beneficial ownership as described in the proxy statement, Ex. 8 at 99.1.

A fact is properly subject to judicial notice where, as here, it is not subject to reasonable dispute.  *See In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d 987, 952–53 (N.D. Cal. 2016) (judicially noticing facts that plaintiffs could not dispute). Here, Plaintiffs have not disputed, and GDS believes that Plaintiffs have no reasonable basis to dispute, the facts set forth in Exhibits 1-8 concerning shares outstanding, the existence of certain public disclosures, and certain change in control provisions.  These facts are thus properly subject to judicial notice.

## CONCLUSION

For the foregoing reasons, GDS respectfully requests that the Court consider Exhibits 1 through 8 in connection with their motion to dismiss.

Dated:    February 5, 2024           SIMPSON THACHER & BARTLETT LLP


By */s/ Chet A. Kronenberg*

CHET A. KRONENBERG (SBN 222335)
ckronenberg@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502

ALAN C. TURNER (*pro hac vice*)
aturner@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

RJN ISO Def's Motion to Dismiss                                           2:23-cv-4900-JAK

STEPHEN P. BLAKE (SBN 260069)
sblake@stblaw.com
BO BRYAN JIN (SBN 278990)
bryan.jin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA  94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Counsel for Defendant GDS Holdings Limited*