Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BERGMANN, Individually and on behalf of all others similarly situated, | Case No. 2:23-cv-04900-JAK-BFM |
| | <u>CLASS ACTION</u> |
| Plaintiff, | |
| | **DECLARATION OF LAURENCE M. ROSEN CONCERNING PRELIMINARY ATTORNEYS' FEES AND EXPENSES** |
| v. | |
| GDS HOLDINGS LIMITED, WILLIAM WEI HUANG, and DANIEL NEWMAN, | |
| | Date:       August 26, 2024 |
| | Time:       8:30 A.M. |
| | Courtroom: 10C |
| Defendants. | Judge:      Hon. John A. Kronstadt |

1

DECLARATION OF LAURENCE M. ROSEN; No. 2:23-cv-04900-JAK-BFM

I, Laurence M. Rosen, declare as follows:

1.      I am the Managing Partner of The Rosen Law Firm, P.A. ("Rosen Law"), Court-appointed Lead Counsel in the above-captioned Action. I am an attorney duly licensed to practice law in California and before this Court. I have personal knowledge of the matters set forth herein and, if called upon, I could and would completely testify thereto.

2.      I submit this Declaration in support of Plaintiffs' motion for preliminary approval of the proposed class action settlement, and Lead Counsel's anticipated application for an award of attorneys' fees and reimbursement of litigation expenses incurred by Rosen Law in connection with services rendered in this Action.

3.      Rosen Law has been involved in this Action since its inception in June 2023 and continuing throughout all other aspects of this litigation.

4.      Rosen Law has rendered the following legal services in connection with the prosecution of this Action: (a) conducted an extensive factual investigation, which included the review of publicly available documents about GDS Holdings Limited ("GDS") and the individual defendants; (b) filed the initial complaint; (c) filed a motion for appointment of lead plaintiff and lead counsel; (d) consulted with a private investigator relating to the allegations in this Action; (e) consulted with a damages expert; (f) researched, drafted and filed the Amended Class Action Complaint ("Amended Complaint"); (g) opposed Defendant GDS's motion to dismiss the Amended Complaint; (h) participated in a mediation with Jed Melnick, Esq. of JAMS, including drafting a detailed mediation statement and reviewing Defendants' mediation statement; (i) negotiated an agreement on the terms of a settlement; (j) negotiated the written settlement documents; and (k) presented those settlement terms to this Court by way of a motion for preliminary approval of the proposed settlement.

2

DECLARATION OF LAURENCE M. ROSEN; No. 2:23-cv-04900-JAK-BFM

5. Attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by each Rosen Law attorney who worked at least five hours on the Action from its inception through and including June 13, 2024, and the lodestar calculation for those individuals based on their hourly rate at the time the work was performed. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by Rosen Law.

6. I have reviewed these time and expense records to prepare this Declaration. The purpose of this review was to confirm both the accuracy of the time entries and expenses and the necessity for, and reasonableness of, the time and expenses committed to the litigation. I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment will be sought, as stated in this Declaration, are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.

7. My firm's rates are set based on periodic analysis of rates used by firms performing comparable work and that have been approved by courts. The hourly rates for the time spent in 2023 on this Action by attorneys from my firm are the same rates as those approved last year in the matter *In re FAT Brands, Inc. Securities Litigation,* Case No. 2:22-cv-1820-MCS-RAO (C.D. Cal.) (Dkt. Nos. 67-2, 71). Different timekeepers within the same employment category (*e.g.,* partners, counsel, associates) may have different rates based on a variety of factors, including years of practice, years at the firm, year in the current position (*e.g.,* years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms. In 2024, the hourly rates for Rosen Law attorneys increased due to the factors discussed herein as well as promotions and inflation.

8. As detailed in Exhibit A, the total number of hours expended on this Action by my firm for attorneys who worked at least five hours from its inception

3

DECLARATION OF LAURENCE M. ROSEN; No. 2:23-cv-04900-JAK-BFM

through June 13, 2024 is 318 hours. The total lodestar for my firm for that period based on the timekeepers' historical and current hourly rates is $254,655. My firm's lodestar figures are based upon the firm's hourly rates, which do not include costs for expense items.

9.    I anticipate that Rosen Law will perform approximately 75 hours of additional professional work in this Action, assuming preliminary approval is granted, in connection with, *inter alia*, administration of the settlement, communications with class members, preparing a motion for final approval of the settlement, attending a final approval hearing, and filing a motion for distribution.

10.    Attached hereto as Exhibits B and C are two charts summarizing the work Lead Counsel performed in the Action through June 13, 2024, in the format outlined in the Court's Initial Standing Order for Civil Cases ("Standing Order") at ¶10(e) and Exhibit G thereto. Specifically, Exhibit B is a chart setting forth eight major tasks undertaken by Lead Counsel in the Action, and a breakdown, for each task, of the hours spent by each attorney who worked on that task, their hourly rates in effect when the work was performed, and their historic-rate lodestar for work on that task, with subtotals for each task. Exhibit C sets forth the same information in another format. It provides a list of all attorneys with their rates, total hours, and lodestar, and a breakdown of how much time they devoted to each of the eight tasks. Should the Court grant preliminary approval, along with the motion seeking final approval of the settlement, Lead Counsel anticipates filing a formal motion for attorneys' fees and expenses. Along that formal motion, Lead Counsel will email the Court the time entries in addition to the summary tables as noted in Exhibit G of the Standing Order.

11.    Attached hereto as Exhibit D is a chart summarizing Rosen Law's expenses incurred to date in connection with the prosecution of this Action. As detailed in Exhibit D, my firm has incurred $38,193.42 in expenses to date in

DECLARATION OF LAURENCE M. ROSEN; No. 2:23-cv-04900-JAK-BFM

connection with this Action. Rosen Law anticipates incurring additional expenses for travel, transportation, lodging and meals associated with attending future hearings in this Action, along with additional fees for online legal research. Expense items are recorded separately, and these amounts are not duplicated in my firm's hourly rates. The expenses incurred in this Action are reflected in the records of my firm, which are regularly prepared and maintained in the ordinary course of business. These records are prepared from expense vouchers, check records, and financial statements and are an accurate record of the expenses incurred.

12.     Copies of Exhibits A, B, C, and D are being provided to the Court in Excel format, as per the Court's Standing Order.

13.     A copy of Rosen Law's firm résumé is attached hereto as Exhibit E.

14.     Attached hereto as Exhibit F is the Declaration of Ex Kano S. Sams II Submitted on Behalf of Glancy Prongay & Murray LLP in Support of Application for Award of Attorneys' Fees and Expenses.

15.     Rosen Law has conferred with Plaintiffs regarding the amount of time they have expended to date in performing their responsibilities as representatives of the putative class in this Action. During the litigation, Plaintiffs performed several tasks which included reviewing significant pleadings filed in the Action, evaluating and approving the Settlement, and communicating with counsel. To perform these tasks and others, Lead Plaintiff KNA Family LLC estimates that its representatives have spent approximately 10 hours on this Action and Plaintiff Larry Bergmann estimates he has spent approximately 7 hours on this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2024.

/s/*Laurence M. Rosen*

5

DECLARATION OF LAURENCE M. ROSEN; No. 2:23-cv-04900-JAK-BFM