UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LARRY BERGMANN, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

GDS HOLDINGS LIMITED, WILLIAM WEI HUANG, and DANIEL NEWMAN,

Defendants.

Case No. 2:23-cv-04900-JAK (BFMx)

**DECLARATION OF PHILLIP KIM IN FURTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND IN RESPONSE TO THE COURT'S AUGUST 26, 2024 ORDER (DKT. NO. 72)**

CLASS ACTION

Hon. John A. Kronstadt

I, Phillip Kim, declare as follows:

1. I am an attorney duly licensed to practice in New York and various federal courts throughout the country. I am admitted in *pro hac vice* in this action. Dkt. No. 69. I am a Partner at The Rosen Law Firm, P.A., counsel for Lead Plaintiff KNA Family LLC and named plaintiff Larry Bergmann (collectively, "Plaintiffs").

2. I am submitting this declaration to provide the Court and the Parties to the above-captioned action (the "Action")[1] with information requested about the notice and administration costs; the reasonableness of the Settlement Fund; the Claims Administrator's methods to determine and/or locate potential Settlement Class Members and their documents; and whether the Settlement Fund is non-reversionary (i.e., the Settlement Fund funds will not revert back to Defendants if any Expense Award and/or Award to Plaintiffs or recoveries are not approved by the Court). *See* Dkt. No. 72 at 1-2.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Paul Mulholland ("Mulholland Decl.").

4. The following statements are based on my personal knowledge and information provided by Paul Mulholland and Strategic Claims Services, Inc. ("Strategic Claims"). *See generally* Mulholland Decl.

### Estimated Administration Costs

5. The estimated $300,000 in Administrative Costs is explained in the Mulholland Decl., ¶¶ 3-5, 7-11; *see also* Dkt. Nos. 60 at ¶ 3.4 and 72 at 1. These Administrative Costs cover the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants (Administrative Costs do not include legal fees). *Id.* at ¶¶ 9-10 (describing the minimum tasks Strategic Claims will undertake); Dkt. No. 60 ¶ 1.2.

---

[1] Unless otherwise indicated, capitalized terms shall have their meaning as defined in the Stipulation of Settlement, dated June 14, 2024 (the "Stipulation").

**Reasonableness of Settlement Amount**

6. Plaintiffs relied on the damages report attached hereto as Exhibit 2 (the "Damages Report"). *See also* Dkt. No. 72 at 1. The Damages Report shows $48.9 million in damages using the two-trader model (Ex. 2 at 1), which is the model predominantly accepted by Courts. *E.g.*, *Desvarieux v. Axiom Holdings, Inc.*, 2022 WL 1467973, at *4 (S.D.N.Y. May 10, 2022), *report and recommendation adopted,* 2022 WL 1689395 (S.D.N.Y. May 26, 2022) (briefly discussing and utilizing the "Two-Trader Model" on default judgment in Exchange Act case); *see also* Dkt. No. 72 at 1.[2]

**Location and Determination of Records**

7. Strategic Claims will rely on e-mail, direct mail, its own website, and publication procedures to reach out to and identify potential Settlement Class Members. Mulholland Decl., ¶ 3. Strategic Claims will provide direct mail to over 2,300 financial institutions and follow-up with potential Settlement Class Members with e-mail. *Id*. Strategic Claims will also provide publication notice two times in the *GlobeNewswire*, a national newswire, and once in the *Investors' Business Daily*, and Strategic Claims will send the Depositor Trust Company ("DTC") the Notice for the DTC to publish on its Legal Notice System ("LENS"). *Id*; *see also* Dkt. No. 72 at 2.

8. Strategic Claims will attempt to cure any issues with Claimant's claims. *Id*. ¶ 13. This includes guiding Claimants to request a letter from their brokers and if unsuccessful to submit tax records to verify trading claims. *Id*. Strategic Claims will also provide an opportunity for Claimants to respond to a rejection notice and to cure their claims. *Id*.

**Non-Reversionary Settlement Fund**

*Attorney's Fee and Expense Award and/or Award to Plaintiffs Sought Will Not Revert to Defendants*

9. The Settlement Fund is non-reversionary. Dkt. No. 60 ¶ 7.4; Mulholland Decl., ¶ 15. Similarly, the Net Settlement Fund is non-reversionary. *Id*.

---

[2] The Damages Report also shows the one-trader model. *See* Ex. 2 at 1.

10. The Settlement Fund funds that are not approved by the Court as the Fee and Expense Award and/or Award to Plaintiffs will remain with the Net Settlement Fund for allocation to Authorized Claimants. Dkt. No. 60 ¶ 8; *see also* Dkt. No. 72 at 2; Mulholland Decl., ¶ 15.

11. In other words, no Settlement Fund or Net Settlement Fund funds will revert back to Defendants. Dkt. No. 60 ¶¶ 7.4 and 8; *see also* Dkt. No. 72 at 2; Mulholland Decl., ¶ 15. For instance, if Plaintiffs sought $1.1 million in the Fee and Expense Award but the Court only awarded $1 million, the $100,000 difference would remain with the Net Settlement Fund for distribution to the Class. Dkt. No. 60 ¶ 7.4; *see also* Dkt. No. 72 at 2.

*Net Settlement Fund Will Not Revert to Defendants*

12. Net Settlement Fund funds that would have gone to Class members who cannot be located, who do not submit applications for recovery, or who opt-out of the Settlement, will remain with the Net Settlement Fund for distribution to Authorized Claimants. Dkt. No. 60 ¶ 7.4; *see also* Dkt. No. 72 at 2; Mulholland Decl., ¶ 15. The Settlement Fund does not change based on the number of Claimants or Authorized Claimants. *Id*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of September, 2024

*/s/ Phillip Kim*
Phillip Kim