Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

[*additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BERGMANN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GDS HOLDINGS LIMITED, WILLIAM WEI HUANG, and DANIEL NEWMAN, <br><br> Defendants. | Case No. 2:23-cv-4900-JAK (BFMx) <br><br> **NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> CLASS ACTION <br><br> Date: May 12, 2025 <br> Time: 8:30 a.m. <br> Courtroom: 10C <br> Judge: Hon. John A. Kronstadt |

1

**PLEASE TAKE NOTICE** that Lead Plaintiff KNA Family, LLC ("KNA") and named plaintiff Larry Bergmann ("Plaintiffs"), on behalf of themselves and the Settlement Class, hereby move this Court for entry of the accompanying [Proposed] Order for Distribution of Class Action Settlement Funds.

In support of this Motion, Plaintiffs submit the accompanying Memorandum of Points and Authorities, the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process and the exhibits attached thereto, all other pleadings and matters of record, and such additional evidence or arguments as may be presented at the hearing. A [Proposed] Order for Distribution of Class Action Settlement Funds is submitted herewith.

Plaintiffs make this motion following the conference of counsel pursuant to Local Rule 7-3, conducted on March 24, 2025, during which Defendants' counsel advised that Defendants do not oppose this motion.

Respectfully submitted,

Dated: April 1, 2025

**THE ROSEN LAW FIRM, P.A.**

By: */s/Joshua Baker*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jbaker@rosenlegal.com

Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Lead Counsel for Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel for Plaintiffs*

**GLANCY PRONGAY & MURRAY LLP**
Ex Kano S. Sams II
Robert V. Prongay
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: esams@glancylaw.com
Email: rprongay@glancylaw.com

*Additional Counsel for Plaintiffs*

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:23-cv-4900-JAK (BFMx)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Lead Plaintiff KNA Family, LLC ("KNA") and named plaintiff Larry Bergmann ("Plaintiffs") submit this memorandum of law in support of their motion for entry of the [Proposed] Order for Distribution of Class Action Settlement Funds ("Distribution Order"), submitted herewith.[1] If entered by the Court, and subject to the Court's final approval of the Settlement, the Distribution Order will, among other things: (i) approve the Claims Administrator's recommendations accepting and rejecting Claims submitted in the Action; (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court; and (iii) confirm approval of the requested Administrative Costs. The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration"), attached hereto as Exhibit 1.

## I.    BACKGROUND

On June 14, 2024, the Parties entered into the Stipulation, the terms of which established a $3,000,000 Settlement on behalf of the Settlement Class.

The Court granted preliminary approval of the Settlement on October 7, 2024, as amended on October 9, 2024 ("Preliminary Approval Order"). Dkt. No. 76. Pursuant to the Preliminary Approval Order, the court-appointed Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator"), disseminated direct notice to 57,271 potential Settlement Class Members by mailing copies of the Postcard Notice and emailing links to the Long Notice and Proof of Claim form on the settlement webpage, published the Summary Notice twice electronically over the *GlobeNewswire* and once in print in *Investor's Business Daily*, maintained a toll-free phone line, and

---

[1] All capitalized terms not otherwise defined herein have the same meanings set forth in the Stipulation of Settlement dated June 14, 2024 ("Stipulation"). Dkt. No. 60.

established and maintained a dedicated website for the Settlement. *See* Bravata Declaration ¶¶3-8.

On February 10, 2025, the Court held the Settlement Hearing and stated its tentative views that it is "inclined to grant Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation, and Certification of Settlement Class." *See* Dkt. No. 84 (hearing minutes). Plaintiffs' Motion for final approval sets forth the Plan of Allocation, which Plaintiffs submit is a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members.

The Claims Administrator has advised Lead Counsel that it has completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration ¶¶9-11. The Claims Administrator has also provided additional information concerning the amount of Administrative Costs incurred to date—comfortably less than the $300,000 amount that the Court preliminarily approved. *Id.* ¶12; Dkt. No. 76 at 38. All that remains to complete the Settlement process is to: (1) confirm the Court's tentative approval of Plaintiffs' motion for final approval of the Settlement (Dkt. No. 77, "Final Approval Motion") by entering the proposed Order and Final Judgment (Dkt. No. 82-2); (2) confirm the Court's tentative approval of Plaintiffs' and Lead Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, and awards to Plaintiffs (Dkt. No. 79, "Fees Motion"); and (3) distribute the Net Settlement Fund to the Authorized Claimants. Thus, the Court should grant Plaintiffs' Final Approval Motion and Fees Motion, and authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibit B to the Bravata Declaration.

## II.   DETERMINATION OF AUTHORIZED CLAIMS

Under the Preliminary Approval Order, Settlement Class Members wishing to participate in the Settlement were required to submit a Proof of Claim online or by

mail, postmarked or received no later than January 13, 2025. Preliminary Approval Order at 40. The Claims Administrator continued processing all claims received up to January 27, 2025. Bravata Declaration ¶9 n.1. As a result of an effective notice program, through January 27, 2025, SCS received 37,220 Claim Forms. *Id.* SCS reviewed all 37,220 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id.* ¶¶9-10.

### A.    Valid and Properly Documented Claims

SCS analyzed 37,220 Claim Forms received through January 27, 2025 and determined that 3,474 valid and properly-documented claims were received. Bravata Declaration ¶10(a). These valid claims represent Recognized Losses of $51,485,924.05, as calculated pursuant to the Plan of Allocation. *Id.* Plaintiffs request that the Court approve the 3,474 properly documented claims as listed in Exhibit B to the Bravata Declaration.

The Court should also order that no claims received after January 27, 2025, or any responses to deficiency and/or rejection notices received after March 24, 2025, be included in the distribution. SCS has not processed any claims or responses to rejections received after these dates due to extreme lateness and because their inclusion would have delayed the finalization of the administration. Bravata Declaration ¶9 n.1. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See In re Citigroup Sec. Litig.*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated.'"); *Hartman v. Powell*, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action.").

**B.      Deficient and Ineligible Claims**

**1.      Inadequately Documented Claims**

To be eligible for a payment from the proceeds of the Settlement, a Settlement Class Member must submit a Proof of Claim with adequate supporting documentation. *See* Dkt. No. 81-1 at pdf p15 (Long Notice) and 18 (Proof of Claim); Preliminary Approval Order at 23-24. Proper documentation may consist of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel. *Id.*

SCS initially identified 65 inadequately documented claims. Bravata Declaration ¶10(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency, a sample of which is attached as Exhibit C to the Bravata Declaration. *Id*. Of the 65 claims initially identified as deficient, six have been successfully cured and are considered valid. *Id.* The remaining 59 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation and were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.*, Exhibit D (list of inadequate claims). To date, none of the 59 inadequate claimants have objected to or contested SCS's determination. *Id.*

The Court approved the contents of the Long Notice when issuing the Preliminary Approval Order, which included the documentation necessary for the submission of a valid claim. *See* Preliminary Approval Order at 39; Dkt. No. 81-1 at pdf p15 (Long Notice). Each of these 59 claimants have failed to provide proper documentation and the Court should, therefore, accept the Claim Administrator's determination and reject these claimants' Claims.

7

### 2. Claims Rejected for Reasons Other Than Inadequate Documentation

To be eligible for a payment from the proceeds of the Settlement, a Settlement Class Member must evidence transactions that result in a Recognized Loss under the Plan of Allocation. *See* Long Notice (Dkt. No. 81-1, pdf pp12-15).

SCS has identified 33,687 claims that it recommends for complete rejection. Bravata Declaration ¶10(c), Exhibit E (list of ineligible claims). The reasons for rejection included: (i) claims with no Recognized Losses; (ii) claims filed for shares purchased outside of the Settlement Class Period; (iii) claims with shares sold short; (iv) claims filed for shares that were received or transferred into an account, but not purchased; (v) duplicate claims filed; (vi) claims filed for securities other than GDS ADS; (vii) claims withdrawn from the filing entity; and (viii) fraudulent claim. *Id.* SCS sent these claimants rejection notices advising them of SCS's determination. *Id.*, Exhibit F (sample ineligibility notice). To date, only one of these 33,687 claimants has contested SCS's determination. *Id.*

As for the one claimant who contested SCS's determination, Claim 117537, SCS determined that Claim 117537 is ineligible because it includes only shares that were purchased before the Settlement Class Period and shares that were purchased and sold within the Settlement Class Period, resulting in $0 of recognized loss for the "in-and-out" trades. *Id.* ¶10(d) and Exhibit G (documenting Claim 117537 and SCS's subsequent correspondence with the claimant). The Court should accept SCS's determination to reject each of the claimants listed in Exhibit E to the Bravata Declaration, including Claim 117537.

## III. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶7.1 of the Stipulation: "After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order." Further, pursuant to ¶7.3 of the Stipulation: "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the

8

terms of the Plan of Allocation set forth in the Notice and any orders of the Court." Lead Counsel now seeks to distribute the Net Settlement Fund to the Settlement Class Members whose 3,474 claims have been accepted by the Claims Administrator as set forth in Exhibit B to the Bravata Declaration.

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an Initial Distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more. Bravata Declaration ¶13(a). Based on the substantial experience of Lead Counsel and SCS in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* ¶13(b).

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution. If, however, after six months any funds remain in the Net Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a redistribution of the remaining funds. *Id.* ¶13(c). During the redistribution, any amounts remaining in the Net Settlement Fund after the initial distribution, after payment of amounts mistakenly omitted from the initial distribution to Authorized Claimants, and after payment of Administration Costs incurred in administering the Settlement (including costs or fees of such redistribution), will be redistributed to all Authorized Claimants in the initial distribution who cashed their checks and would receive at least $10.00 from the second distribution, if such redistribution is economically feasible. *Id.*

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:23-cv-4900-JAK (BFMx)

Finally, if six months after the second distribution, if undertaken, or if a second distribution is not undertaken, any funds remain in the Net Settlement Fund, such funds shall be donated to a non-profit charitable organization selected by Lead Counsel. *Id.* The Proposed Order filed herewith confirms the Settlement's provisions for such redistribution of the Net Settlement Fund, as explained in the Plan of Allocation detailed in the Long Notice. Dkt. No. 81-1 at pdf p12-13 (Long Notice).

## IV. RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, the Court must bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, the Court should release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them under the terms of the Distribution Order. *See In re FAT Brands Inc.. Sec. Litig.*, No. 2:22-cv-1820-MCS-RAO (C.D. Cal. Jan. 16, 2024) (Dkt. No. 75, Order Authorizing Distribution of Net Settlement Fund).

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:23-cv-4900-JAK (BFMx)

## V.    RECORDS RETENTION AND DESTRUCTION

The Court should order that in no less than one year after all distribution(s) of the Net Settlement Fund to the eligible claimants, the Claims Administrator may destroy the paper and electronic copies of the Claim Forms and all supporting documentation. *See* Bravata Declaration ¶13(e).

## VI.    UPDATE REGARDING ADMINISTRATIVE COSTS

At the Settlement Hearing, the Court requested "further information regarding the forthcoming motion [for distribution of settlement funds] as to administrative fees." Dkt. No. 84. The Bravata Declaration sets forth an update and additional details regarding the administrative fees and expenses ("Administrative Costs") incurred by the Claims Administrator. Plaintiffs and the Claims Administrator request that the Court fully approve payment of those Administrative Costs, which are comfortably less than the initial budget preliminarily approved by the Court.

The Stipulation provides that: "At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from GDS or the Court, disburse at the direction of Lead Counsel up to $300,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs." Stipulation ¶3.4. In the Preliminary Approval Order, the Court preliminarily approved the disbursement to SCS of up to $300,000 in Administrative Costs. Dkt. No. 76 at 38. SCS has now provided an updated calculation of its "total fees and expenses incurred in this matter through and including the initial distribution" (*i.e.*, Administrative Costs), which total $166,203.69, Bravata Decl. ¶12, well within the budget of up to $300,000 that was preliminarily approved by the Court. Plaintiffs and SCS therefore request that the Court confirm its preliminary approval and authorize the full payment to SCS of the total amount of Administrative Costs incurred in this Action, pursuant to the Stipulation.

11

## VII.  CONCLUSION

For the foregoing reasons, the Court should approve and enter the [Proposed] Order for Distribution of Class Action Settlement Funds, submitted herewith.

Respectfully submitted,

Dated: April 1, 2025

**THE ROSEN LAW FIRM, P.A.**

By: */s/Joshua Baker*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jbaker@rosenlegal.com

Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Lead Counsel for Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:23-cv-4900-JAK (BFMx)

Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel for Plaintiffs*

**GLANCY PRONGAY & MURRAY LLP**
Ex Kano S. Sams II
Robert V. Prongay
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: esams@glancylaw.com
Email: rprongay@glancylaw.com

*Additional Counsel for Plaintiffs*

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2</u>

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,471 words, which complies with the word limit of L.R. 11-6.1.

Date: April 1, 2025

*/s/Joshua Baker*
Joshua Baker

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:23-cv-4900-JAK (BFMx)